UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

STATE OF LOUISIANA

| | |
|---|---|
| EMILY RICHARDSON | CIVIL ACTION NUMBER: 22-cv-3241 |
| VERSUS | |
| LOUISIANA-1 GAMING, A LOUISIANA PARTNERSHIP IN COMMENDAM d/b/a BOOMTOWN CASION NEW ORLEANS, PINNACLE ENTERTAINMENT, INC, d/b/a BOOMTOWN CASINO AND RESORT NEW ORLEANS, ABC INSURANCE COMPANY AND AND DEF INSURANCE COMPANY | JUDGE:<br><br><br><br><br><br>MAGISTRATE: |

**NOTICE OF REMOVAL**

Defendant, Louisiana-I Gaming, a Louisiana Partnership in Commendam, and Pinnacle Entertainment, Inc., file this Notice of Removal removing this cause from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, in which it is now pending, to the United States District Court for the Eastern District of Louisiana. This removal is predicated upon the fact that this litigation is wholly between citizens of different states, and plaintiff's Petition for Damages indicates an amount in controversy that exceeds the federal jurisdictional amount, exclusive of interest and court costs.

1.

This case was commenced in the 24th Judicial District Court for the Parish of Jefferson. Upon information and belief, the Petition for Damages was filed on August 25, 2022.

2.

The named defendants are Louisiana – 1 Gaming, A Louisiana Partnership in Commendam (hereinafter referred to as "Louisiana – 1 Gaming"), Pinnacle Entertainment, Inc., and two fictitious insurance companies.

3.

At the time of the present filing, no answers have been filed by any named defendants.

4.

This action is one of a civil nature purporting to be a claim under the Louisiana tort law, more specifically the merchant liability statute, Louisiana Revised Statute § 9:2800.6 and/or Louisiana Civil Code article 2317.1. Specifically, the plaintiff alleges at paragraph VI of the Petition for Damages noted she ate part of a broken plate while dining at a restaurant inside Boomtown Casino New Orleans.

5.

As a result of this, the plaintiff alleges that she has suffered and will suffer from damages including disability, loss of earning capacity, loss of enjoyment of life, pain and suffering and mental anguish. (Exhibit A, Petition for Damages ¶ VIII).

6.

The Petition sets forth that the plaintiff is a resident and domiciliary of Orleans Parish, Louisiana. Pursuant to the plaintiff's judicial admission, she is considered a citizen of the State of Louisiana. (Exhibit A, Petition for Damages).

7.

Louisiana – 1 Gaming is a Louisiana Partnership in Commendam. The two and only partners that comprise Louisiana – 1 Gaming are Boomtown, LLC and Pinnacle MLS, LLC. Both limited liability companies were formed under the laws of the State of Delaware.

8.

The only member of Boomtown, LLC, is Pinnacle MLS, LLC. The only member of Pinnacle MLS is Pinnacle Entertainment, Inc.

9.

Pursuant to *Harvey v. Grey Wolf Drilling, Co.,* 542 F.3rd 1077 (5th Cir. 2008), and *Turner Bors. Crane and Rigging, LLC v. Kingboard Chemical Holding, Ltd.,* 2007 WL 2848154 (MD-LA 9/24/2007), because Louisiana – 1 Gaming is a partnership, its state of citizenship is determined by the eventual corporate owner of the partnership or the individual partners. Since there are no individual partners, the partnership of Louisiana – 1 Gaming is determined by the citizenship of its corporate owner, Pinnacle Entertainment, Inc.

10.

Pinnacle Entertainment, Inc., is a Delaware corporation with its principal place of business in Wyomissing, Pennsylvania.

11.

Pinnacle Entertainment, Inc. is a corporation. Therefore, its citizenship is determined by its place of incorporation (Delaware) and its principal place of business, (Wyomissing, Berks County, Pennsylvania). Pinnacle Entertainment, Inc., is wholly owned by Penn Entertainment, Inc.

12.

Therefore, under Federal Procedural Law, Louisiana – 1 Gaming, and Pinnacle Entertainment, Inc., are considered citizens of Delaware and Pennsylvania.

13.

The plaintiff, being a citizen of Louisiana, and the defendants being a citizen of Delaware and Pennsylvania, this case is wholly between citizens of different states.

14.

The plaintiff's Petition for Damages asserts that as a result of an incident that allegedly occurred on or about August 21, 2021, at Boomtown Casino, the plaintiff "serious and permanent injuries" (Exhibit A, Petition for Damages ¶ VIII).

15.

While the defense denies that an incident occurred and that the plaintiff was injured, the allegation of damages set for in the Petition for Damages, indicates an amount in controversy exceeding $75,000.00, exclusive of interest and costs.

16.

The case being wholly between citizens of different states and the amount in controversy exceeding $75,000.00, exclusive of interest and costs, this Court has jurisdiction pursuant to 28 U.S.C § 1332.

17.

Pursuant to the 28 U.S.C § 1441, this case may be removed the United States District Court, for the Eastern District of Louisiana.

18.

Pursuant to 28 U.S.C. § 1446(A), copies of all process, pleadings and orders of the court in the state action are attached hereto.

Respectfully Submitted:

**KINCHEN, WALKER, BIENVENU, BARGAS, REED & HELM, LLC**

*s/Matthew W. Pryor*
Matthew W. Pryor (#23903)
Kolby P. Marchand (#38336)
9456 Jefferson Highway
Building III, Suite F
Baton Rouge, Louisiana 70809
Telephone: (225) 292-6704
Facsimile: (225) 292-6705
Email:  mpryor@kwbbrlaw.com
Email:  kmarchand@kwbbrlaw.com
*Attorneys for Louisiana-I Gaming, a Louisiana Partnership in Commendam and Pinnacle Entertainment, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing served on:

Emily Richardson
Through her counsel of record,
Edward L. Moreno
1101 Westbank Expressway
Gretna, Louisiana 70053
Email:

by emailing same to the above email address, this 13th day of August, 2022.

*s/Matthew W. Pryor*